UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

YASSIEL MORAN PEREZ,

Petitioner,

v.

CALIFORNIA CITY CORE CIVIC DETENTION FACILITY,

Respondent.

Case No. 1:26-cv-05941 (VC)

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. Nos. 1, 11

Petitioner Yasiel Moran Perez is detained by U.S. Immigration and Customs Enforcement ("ICE") pending the outcome of his removal proceedings. Before the Court is his petition for writ of habeas corpus in which he seeks either release from custody or a bond hearing (Dkt. No. 1), as well as Respondents' Motion to Dismiss (Dkt. No. 11). For the reasons that follow, the petition is dismissed without prejudice.

## I. BACKGROUND

Petitioner is a citizen of Cuba who entered the United States in 2019. Dkt. No. 1-2 at 1; Dkt. No. 11-1 at 1. He was encountered by United States Border Patrol in May 2019 in Rio Grande Valley, Texas, placed in expedited removal proceedings, and detained at the El Valle Detention facility. Dkt. No. 11-1 at 2. In August 2019 he received a positive credible fear determination by USCIS, was served a notice to appear charging him as inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I), and was placed in standard removal proceedings. *Id*. He was granted bond by an Immigration Judge and released from detention on October 2, 2019 to await the outcome of his removal proceedings. *Id*.; Dkt. No. 1-2 at 1.

Petitioner came to the attention of ICE following a May 2026 arrest for petit theft under Florida Statute § 812.014(3)(a). Dkt. No. 11-2 at 8. Petitioner's FBI RAP sheet indicates that he was charged with this offense, but neither party has submitted evidence addressing whether the charge was dismissed or has resulted in a conviction. *Id*. He was transferred from state to ICE custody on or around May 29, 2026. Dkt. No. 11-1 at 1. Petitioner was subsequently ordered removed by an Immigration Judge ("IJ"), and timely appealed that order to the Board of Immigration Appeals ("BIA"). *See* Dkt. No. 11-3 at 1–5.

## II. DISCUSSION

Petitioner contends that his re-detention by ICE without a pre-deprivation hearing violates his procedural due process rights. *See* Dkt. No. 12 at 5–8. Respondents oppose relief, arguing that Petitioner's detention is mandatory under 8 U.S.C. § 1226(c)(1)(E) given his theft-related criminal charge, and that his detention has not become unconstitutional under his particular circumstances. Dkt. No. 11 at 3–4.

"In January 2025, Congress amended § 1226(c) to subject additional categories of noncitizens who have had interactions with law enforcement to mandatory detention without a bond hearing." *Montalvan Reyes v. Warden of Golden State Annex Det. Facility*, No. 1:26-CV-00441-DC-JDP (HC), 2026 WL 760264, at *3 (E.D. Cal. Mar. 18, 2026) (citing Pub. L. No. 119-1, 139 Stat. 3 (2025)). Specifically, § 1226(c)(1)(E) makes detention mandatory for any non-citizen charged as "inadmissible" under 8 U.S.C. § 1182(a)(7), and who "is charged with, is arrested for, [or] is convicted of … committing acts which constitute the essential elements of any burglary, theft, [or] larceny[.]" 8 U.S.C. § 1226(c)(1)(E)(i)–(ii). According to Respondents, Petitioner's charge for petit theft renders his detention mandatory under § 1226(c)(1)(E). Dkt. No. 11 at 3.

On its face, § 1226(c)(1)(E) applies to Petitioner. First, he was charged as inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I), satisfying the first requirement of § 1226(c)(1)(E). *See* Dkt. 11-1 at 2. Second, he was charged with petit theft in May 2026, satisfying the second requirement of § 1226(c)(1)(E). *See* Dkt. No. 11-2 at 8. Indeed, other courts in this district have

similarly found that petty theft arrests and charges trigger detention under § 1226(c)(1)(E). *See Lnu-Vi v. Christopher Chestnut*, No. 1:26-CV-4504 DJC SCR, 2026 WL 2594080 (E.D. Cal. Sept. 2, 2026), *report and recommendation adopted sub nom. Lnu-Vi v. Chestnut*, No. 1:26-CV-4504 DJC SCR, 2026 WL 2720330 (E.D. Cal. Sept. 15, 2026).

To alleviate due process concerns, "courts have construed the Laken Riley Act to apply only where an individual is *currently* charged with or arrested for the enumerated crimes. *Singh v. Chestnut*, No. 1:26-CV-00546-DJC-AC, 2026 WL 266021, at *2 (E.D. Cal. Feb. 2, 2026) (collecting cases). "[M]andatory detention is not required when charges are never filed." *Id.*; *see also*, *S.E. v. Noem*, No. 1:26-cv-00356-DAD-SCR, 2026 WL 206085 (E.D. Cal. Jan. 27, 2026); *E.C. v. Noem*, No. 2:25-CV-01789-RFB-BNW, 2025 WL 2916264, at *9–10 (D. Nev. Oct. 14, 2025). Petitioner has not presented evidence that the charge against him was dropped. Accordingly, the Court must assume the charge is still current and that § 1226(c)(1)(E) applies to Petitioner, thus mandating his detention.

This, however, does not end the due process inquiry. The Supreme Court has not directly addressed the constitutionality of prolonged detention in the context of an as-applied challenge to § 1226(c), but the Ninth Circuit has expressed "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so." *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018). Accordingly, numerous district courts have found that unreasonably long detention periods without a bond hearing may violate the due process clause. *See Keo v. Chestnut*, No. 1:26-CV-01192-DJC-CSK, 2026 WL 747117 (E.D. Cal. Mar. 17, 2026); *Abdul-Samed v. Warden of Golden State Annex Det. Facility*, No. 1:25-CV-00098-SAB-HC, 2025 WL 2099343 (E.D. Cal. July 25, 2025); *Martinez v. Clark*, No. C18-1669-RAJ-MAT, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019) (citation omitted), *report and recommendation adopted*, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (noting that "essentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some

point—violate the right to due process.'").

Courts in this Circuit have weighed the following factors to ascertain when prolonged detention pursuant to § 1226(c) violates the Due Process Clause, and entitles the petitioner to a bond hearing: "(1) the total length of detention to date; (2) the likely duration of future detention; (3) whether the detention will exceed the time the petitioner spent in prison for the crime that made [them] removable; (4) the nature of the crimes the petitioner committed; (5) the conditions of detention; (6) delays in the removal proceedings caused by the petitioner; (7) delays in the removal proceedings caused by the government; and (8) the likelihood that the removal proceedings will result in a final order of removal." *Martinez*, 2019 WL 5968089, at *7.

The first factor weighs in the Government's favor. Petitioner has been in detention for approximately four months, which is still within the period the Supreme Court considered acceptable when finding that mandatory detention under § 1226(c)(1) was facially constitutional. *See Demore v. Kim*, 538 U.S. 510, 530 (2003). Further, Petitioner has not made a showing with respect to the remaining factors; indeed he has made no argument relating to them. Petitioner's removal proceedings appear to be progressing at a reasonable pace—an IJ has already issued a decision, which Petitioner subsequently appealed. Accordingly the Court cannot find that Petitioner is entitled to habeas relief on this record.

## III. CONCLUSION AND ORDER

Accordingly, the petition is DISMISSED without prejudice. The Clerk of Court is directed to close this case and enter judgment for Respondents.

**IT IS SO ORDERED.**

Dated: October 23, 2026

VINCE CHHABRIA
United States District Judge